FRANKLIN STORES COMPANY, PROSECUTOR, v. D. FRED-
ERICK BURNETT, COMMISSIONER, ETC., DEFENDANT.

Submitted May 3, 1938—Decided August 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Louis B. Englander*.

For the defendant, *Nathan L. Jacobs*.

The opinion of the court was delivered by

DONGES, J. In this proceeding prosecutor challenges a rule promulgated by the commissioner of alcoholic beverages prohibiting the sale on licensed premises of certain substances which may be used for the manufacture of alcoholic drinks.

Prosecutor moves to strike certain affidavits from the return. Without passing upon the propriety of including the affidavits in the return, we think they may remain in the record because of the following stipulation entered into at the time of the taking of depositions:

"It is stipulated that the matter set forth in the commissioner's return to the writ including the affidavits which form part thereof shall be considered as though having been given on direct examination under oath here reserving to the prosecutor his rights to object to the competency, materiality, and relevancy of the affiants' testimony, and reserving to the prosecutor the right of cross-examining said witnesses and providing further that the prosecutor reserves the right to object to the offer of any testimony on behalf of the defendant at that time on the ground that after the filing of his return the defendant has no right to take testimony in support thereof."

In so far as they may be incompetent, immaterial and irrelevant, the affidavits will not be considered. Prosecutor apparently has not pursued his right to cross-examination of the affiants, and must be presumed to have waived it. As to the last objection, it is well settled that a defendant in *certiorari* has an equal right with a prosecutor to present proofs in this court.

Rule 18 of the commissioner, which is under attack, provides: "No licensee shall sell or possess, or allow, permit or suffer on or about the licensed premises, any malt, hops, oak shavings or chips, flavoring or coloring agents, cordial or liquor extracts, essences or syrups, or any ingredient, compound or preparation of similar nature." By section 64 (d)

of the Control act (*Rev. Stat.* 1937, 33:1-66d), the legislature has declared unlawful the sale, manufacture, advertising, &c., of "any contrivance, preparation, compound, tablet, substance or recipe advertised, designed or intended for use in the manufacture of alcoholic beverages for personal consumption or otherwise." The contention seems to be that the statute makes these things unlawful only when intended for improper use, and the rule goes beyond this and contains an absolute prohibition against their sale on licensed premises for any purpose.

However, we are of the opinion that the defendant is not limited in his control over the conduct of licensees in any such way as is suggested by the prosecutor. By section 36 of the act he is given broad power to promulgate rules and regulations concerning the conduct of the business. That such power may be delegated to such an officer by the legislature has been settled. *State Board of Milk Control* v. *Newark Milk Co.*, 118 *N. J. Eq.* 504. The liquor business is one peculiarly subject to strict governmental control. "The right to regulate the sale of intoxicating liquors by the legislature, or by municipal or *other authority under legislative power given*, is within the police power of the state, and is practically limitless." *Meehan* v. *Excise Commissioners*, 73 *N. J. L.* 382; 75 *Id.* 557.

We think the defendant had ample power to make the regulation in question and furthermore that it is entirely reasonable and proper. There is evidence to the effect that clerks in stores of the prosecutor sold grain alcohol and flavoring ingredients and gave the customers oral instructions for the manufacture of liquors therefrom. Employes of prosecutor naively testified that they understood such ingredients as rye and Scotch flavoring were used for cooking purposes, and that they knew of no other use for them.

The writ is dismissed, with costs.